

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 22, 1974

The Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. H-352

Re: Relationship of sick leave
and leave of absence in Sections
13.904, 13.905, Texas Education
Code, and length of leave of
absence.

Dear Dr. Edgar:

You have requested our opinion on questions concerning sick leave
and leave of absence for temporary disability under the Texas Education
Code.

The Education Code, Vernon's Texas Civil Statutes, in Sec. 13.904
provides a state-financed sick leave for teachers regularly employed in
the public schools. Benefits accrue at the rate of five days per year of
employment. Local districts are authorized to provide additional sick
leave beyond this minimum.

In 1973 the Legislature added Sec. 13.905 to the Code (Acts 1973,
63rd Leg., R.W., ch. 470, p. 1276). It requires that a certified full time
employee of a school district be given a leave of absence for temporary
disability "at any time the employee's condition interferes with the per-
formance of regular duties," including, specifically, the "condition of
pregnancy." During such a leave of absence the contract of employment
of the employee may not be terminated by the school district. The Section
provides for reinstatement rights. In Subsection (f) it authorizes a
governing board of a school district to establish a maximum length for
such a leave "but in no event shall that maximum be set at less than
180 days."

p. 1639

Your first question is:

Upon the granting of a request for a leave of
absence for temporary disability to a person
eligible under the policy, must the school
district pay earned accumulated sick leave--
state and/or local sick leave?

Correspondence accompanying your request indicates that the
question is particularly concerned with leave necessitated by maternity.

While Secs. 13.904 and 13.905 of the Education Code are closely
related, the two leaves are different and each must be determined by its
own terms. Sick leave in Sec. 13.904 is primarily concerned with pay
for time off from work because of sickness.  Section 13.905 deals with
protection of tenure and the right to return to active employment during
a more extended period of disability.

While the circumstances making one section applicable could also
make the other applicable, there may be distinctions between "sickness"
or "illness" as those terms are used in Sec. 13.904 and "temporary
disability" as used in Sec. 13.905.  For example, Sec. 13.904 sick leave
expressly includes absence because of death in the immediate family,
while a Sec. 13.905 leave for temporary disability does not.

The answer to your first question therefore is that, in our opinion,
whether or not sick leave benefits should be paid under Sec. 13.904 will
depend upon applicable rules and regulations and the facts of each case,
without reference to the teacher's eligibility for a leave of absence under
Sec. 13.905.

As your question is particularly concerned with absence because
of pregnancy, it should be pointed out that in our opinion, no distinction
may be made between absence because of pregnancy and other types of
illness, sickness or disability, and a teacher absent because of pregnancy
is entitled to exhaust her accumulated sick pay, both state and local.

See our discussion in Attorney General Opinion No. H-251 (1974), involving questions with reference to the rights to accrued vacation and sick leave of a female state employee whose employment terminates because of pregnancy.. There we said:

> The answer . . . is simply that pregnancy and childbirth may not be treated as different from any other sort of temporary disability. A pregnant woman, upon taking leave of absence to have her child, should be allowed to exhaust her vacation time and sick leave . . . .

We do not believe that the recent decision of the United States Supreme Court in Geduldig v. Aiello, ___ U.S. ___, 42 U.S. L.W. 4905 (1974), affects the applicability of the federal statutory requirements and the administrative interpretations upon which that opinion was based. There, the Court held that the United States Consitution does not prohibit the exclusion of pregnancy from coverage under a state unemployment compensation disability fund. Thus, the right of a pregnant teacher to sick pay benefits may not be of federal constitutional dimensions.

In your second question, you ask:

> In Subsection (f) of Section 13.905 which prescribes that in no event shall a maximum (leave of absence) be set 'less than 180 days, ' does 180 days as used therein mean calendar or work days?

Subsection (f) of Sec. 13.905 provides:

> (f) The length of a leave of absence for temporary disability shall be granted by the superintendent as required by the individual employee. The governing board of a school district may establish a maximum length for a leave of absence for temporary disability, but in no event shall that maximum be set at less than 180 days.

A period of six months often is referred to as 180 days. On the other hand, 180 days has special meaning in the Education Code, since the Foundation School Program of Chapter 16 calls for 180 days for the school term. See Sec. 16. 310, V. T. Education Code. However, this Section also provides tha a full school-year's service for a teacher is 190 working days.

Although a plausable argument can be made that "180 days" means 180 working days in the context used here, our examination of the legislative history of the Act, together with the often repeated admonition that, generally, words in statutes are to be given their ordinary meaning, persuades us that the provision refers to calendar days. Attorney General Opinion WW-1204 (1961); Art. 10, V. T. C. S.; 53 Tex. Jur. 2d, Statutes §148, p. 215.

Thus, in our opinion, the governing board of a school district may establish a maximum length for a leave of absence of not less than 180 calendar days.

## SUMMARY

A teacher's entitlement to state and local sick leave under Sec. 13. 904, Texas Education Code, depends upon the applicable rules and regulations and is unaffected by any concurrent eligibility for a leave of absence under Sec. 13. 905, Texas Education Code.

The maximum leave of absence for temporary disability under Sec. 13. 905, V. T. Education Code may not be set at less than 180 calendar days.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 1642

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg